21867

TOM JENKINS REALTY, INC., Appellant, v.
Larry W. HILTON and I. Rose Hilton, Respondents.
(300 S. E. (2d) 594)

*Charles F. Cooper, II*, of *Ratchford, Cooper & Jones*, Columbia, *for appellant.*

*Carl L. Holloway, Jr.*, Columbia, *for respondents.*

February 22, 1983.

LITTLEJOHN, Justice:

This action was commenced by Tom Jenkins Realty, Inc. (Realtor) to recover a sales commission alleged to be due from the defendants, Larry W. Hilton and I. Rose Hilton (Homeowners), pursuant to an exclusive sales listing agreement. The Circuit Court granted the Homeowners Motion for a Summary Judgment. Realtor appeals.

The Homeowners entered into an exclusive listing agreement with the Realtor to sell their residence for a seven per cent sales commission to be paid upon the procurement of a purchaser for the sum of $45,500 "... or at a price acceptable to the owner. ..." Realtor asserts in the Complaint that a purchaser was procured in the amount of $43,000, which was accepted, and that all of the requirements have been fulfilled.

The Homeowners deny that such an acceptable purchaser was procured and asserts that no commission has been earned or is due.

Mr. Hilton acknowledged his acceptance of the $43,000 price offered by signing the sales contract. It is the contention of the Homeowners that Mrs. Hilton did not accept the agreement and, accordingly, no payment is due.

The showing made by the Realtor includes an affidavit by Grace P. Cooper, who was a sales person in the office of the Realtor. She averred:

> At the time this contract was presented to Larry W. Hilton, I. Rose Hilton was in New York. The deponent spoke with I. Rose Hilton on the telephone on or about September 11, 1978, at which time she informed I. Rose Hilton of the contract for Forty Three Thousand ($43,000) Dollars which had been presented to her husband, Larry W. Hilton. At that time, I. Rose Hilton informed the deponent that she would accept the contract and that she authorized her husband Larry W. Hilton to accept and sign the contract on her behalf. The deponent informed her that it would be necessary for her to tell her husband that she so authorized him. Larry W. Hilton then spoke with his wife on the telephone and was informed that the contract was acceptable to his wife and

that he had the authority to accept and sign the contract on her behalf.

The contract was then signed by Larry W. Hilton on behalf of himself and his wife, I. Rose Hilton. An accurate copy of that contract is attached hereto and incorporated herein by reference.

Larry W. Hilton and I. Rose Hilton thereafter refused to sell their residence in accordance with said contract, and they have refused and continue to refuse to pay to Tom Jenkins Realty, Inc. the real estate commission called for in the listing agreement.

Mr. Hilton avers otherwise.

We are of the opinion that the lower court erred in ruling that the Homeowners were entitled to a summary judgment.

In order to be entitled to a summary judgment, the moving party must show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. In determining whether there exists triable issues of fact, all inferences from the facts of the record must be viewed in the light most favorable to the party opposing the Motion for Summary Judgment. *Eagle Construction Co. v. Richland Construction Company, Inc.*, 264 S. C. 71, 212 S. E. (2d) 580 (1975). Summary judgment should only be granted in those cases where the plain, palpable and indisputable facts exist on which reasonable minds cannot differ. All ambiguities, conclusions and inferences arising in and from the evidence must be construed most strongly against the movant. *William v. Chesterfield Lumber Co.*, 267 S. C. 607, 230 S. E. (2d) 447 (1976).

If the facts sworn to by Mrs. Cooper are found to be true, plaintiff would be entitled to prevail.

Reversed and remanded.

LEWIS, C.J., GREGORY and HARWELL, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.