0806

Robert HATCHELL, Appellant v. Jo Ann JACKSON, Respondent.
(349 S. E. (2d) 407)

Court of Appeals

*Edward V. Atkinson,* and *Walter G. Newman, Atkinson, Davis & Newman,* Sumter, *for appellant.*

*J. Cabot Seth* of *Jones and Seth,* Sumter, *for respondent.*

Heard Sept. 18, 1986.

Decided Oct. 13, 1986.

GOOLSBY, Judge:

The appellant Robert Hatchell brought this action alleging fraud and deceit in connection with the sale of a restaurant by the respondent Jo Ann Jackson. Jackson counterclaimed alleging breach of the contract of sale. Hatchell appeals from the order of the circuit court granting Jackson summary judgment. The dispositive question on appeal concerns whether the pleadings and admissions on file entitled Jackson to summary judgment. We reverse.

Hatchell's complaint alleges that in March 1984 Jackson represented to Hatchell that she owned a six-month renewable lease on a restaurant in Sumter County known as the Country Kitchen, that this representation was false because Jackson's lease had expired and Jackson was operating under a month to month tenancy, that as a result of Jackson's misrepresentation Hatchell agreed to purchase the Country Kitchen for the sum of $7,000 and paid Jackson $3,700 down and $3,300 on March 28, 1984, that on March 30, 1984, the

landlord gave Hatchell notice to vacate the premises and informed him that Jackson's lease was not "as she had represented" it, and that when he discovered Jackson's representation concerning her lease was false Hatchell demanded that Jackson return the $7,000 he had paid her for the property.

Jackson answered and counterclaimed. Her counterclaim alleges that Hatchell agreed to purchase the Country Kitchen for $7,000, that Jackson agreed to pay $3,700 down and the balance no later than April 11, 1984, and that Hatchell made the down payment but, in breach of the contract, refused to pay the balance despite her demand therefor.

Hatchell timely replied to the counterclaim, denying its allegations and reasserting in defense of the counterclaim his allegations of fraud.

Jackson subsequently served a request for admissions on Hatchell. The request asks Hatchell to admit that Jackson told him about "the potential problems with the lease," that she advised him "at the time that a lease ... may well be obtained by [Hatchell] from the landlord," that Hatchell attempted "to negotiate an agreement with [the landlord] concerning the lease," and that his negotiations with the landlord "went very poorly." The request also asks Hatchell to admit that he paid Jackson $3,700 pursuant to the contract, that Jackson conveyed the Country Kitchen to Hatchell, and that Hatchell failed to pay Jackson $3,300, the amount due on the contract.

Hatchell never responded to Jackson's request for admissions; therefore, under South Carolina Circuit Court Rule 89(a), which was then in effect and is now embodied in Rule 36(a) of the new South Carolina Rules of Civil Procedure, each matter of which Jackson sought an admission was deemed admitted.

Based upon the admissions on file, Jackson moved for summary judgment. She maintained the pleadings and admissions on file showed that there was no genuine issue as to any material fact and that she was entitled to judgment as a matter of law on both Hatchell's claim and her own.

The hearing judge granted Jackson summary judgment on her counterclaim and awarded her judgment against Hatch-

ell in the amount of $3,300. The hearing judge erred in doing so.

Under former South Carolina Circuit Court Rule 44(c), as under new Rule 56(c) of the South Carolina Rules of Civil Procedure, summary judgment may be granted only when the pleadings and admissions on file show that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. *Spencer v. Miller*, 259 S. C. 453, 192 S. E. (2d) 863 (1972). In ruling on the motion, the judge must construe all ambiguities and inferences most strongly against the moving party. *Tom Jenkins Realty, Inc. v. Hilton*, 278 S. C. 624, 300 S. E. (2d) 594 (1983).

Here, the pleadings and admissions on file left unresolved material issues of fact raised by Hatchell in his defense alleging fraud in the inducement of the contract on which Jackson sued. *See Computing Scales Co. v. Long*, 66 S. C. 379, 44 S. E. 963 (1903) (wherein Supreme Court recognized principle that fraud in the inducement of a contract may be asserted as a defense to a claim prosecuted by the person guilty of fraud). When viewed in the light most favorable to Hatchell, none of the matters deemed admitted by Hatchell negates his allegations that Jackson had falsely represented to him that she owned a six-month lease and that the lease was renewable.

Reversed.

BELL and CURETON, JJ., concur.