22717

HINSON-BARR, INC., Respondent v. Charles P. PINCKARD, III, d/b/a
Island Restaurant Supply and Island Restaurant Supply, Appellants.

(356 S. E. (2d) 115)

Supreme Court

*Jack D. Simrill,* Hilton Head Island, *for appellants.*

*Celeste T. Jones,* of *McNair, Glenn, Konduros, Corley, Singletary, Porter and Dibble, P.A.,* Columbia, *for respondent.*

Heard Dec. 9, 1986.

Decided May 4, 1987.

HARWELL, Justice:

This appeal is from an order granting respondent (Seller) summary judgment in its action for breach of contract against appellants (Buyer). We reverse and remand.

The following facts are undisputed. Buyer and Seller entered into a verbal agreement for the sale of certain restaurant equipment at which time they discussed an approximate price. An invoice was delivered with the equipment. Buyer, however, did not read the invoice when he accepted the goods and did not contest the invoice price until more than ninety days after delivery. Seller then commenced this suit to recover the invoice price for the equipment.

The trial judge, relying on S. C. Code Ann. § 36-2-201(2) (1976), granted summary judgment on the ground that Buyer was liable for the invoice price because he did not timely object after accepting the goods. Section 36-2-201(2) provides:

> Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of subsection (1) [statute of frauds] against such party unless written notice of objection to its contents is given within ten days after it is received.

A confirming writing that satisfies this section of the Uniform Commercial Code does not prove the terms of the contract but merely eliminates a statute of frauds defense. The recipient's failure to object to the confirming memorandum does not render its terms incontrovertible. The party seeking to enforce the contract still has the burden of proving the contract terms. *See, e.g., Lorenz Supply Co. v. American Standard, Inc.*, 419 Mich. 610, 358 N. W. (2d) 845 (1984); *In Re Marlene Industries Corp. v. Carnac Textiles, Inc.*, 45 N. Y. (2d) 327, 380 N. E. (2d) 239, 408 N. Y. S. (2d) 410 (1978); *Azevedo v. Minister*, 86 Nev. 576, 471 P. (2d) 661 (1970); *Hurricane Steel Industries Co. v. Maurice Pincoffs Company*, 464 S. W. (2d) 387 (Tex. Ct. App. 1971); Official Comment 3 to UCC § 2-201; J. White & R. Summers *Uniform Commercial Code* § 2-3 (2d ed. 1980).

The trial judge erred in finding that the invoice price was binding on Buyer because of Buyer's failure to object under § 36-2-201(2). Because Buyer contested

the contract price, it was a material fact in issue. Summary judgment was therefore improper. *See Jenkins Realty v. Hilton,* 278 S. C. 624, 300 S. E. (2d) 594 (1983).

Seller contends that alternatively the trial judge's decision should be affirmed under S. C. Code Ann. § 36-2-207(2) (1976). This section provides:

> The additional terms [of a written confirmation] are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless: (a) the offer expressly limits acceptance to the terms of the offer; (b) they materially alter it; or (c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

It is clear, however, that the several thousand dollar difference between the invoice price and the price that was originally quoted "materially alters" the contract. Seller admits that "the invoice price was notably higher than the original estimate given over the telephone." This material alteration in price therefore does not become a part of the contract. S. C. Code Ann. § 36-2-207(2)(b).

We need not address appellants' remaining exceptions. The judgment of the lower court is reversed and the case is remanded.

Reversed and remanded.

GREGORY and FINNEY, JJ., concur.

CHANDLER, J., not participating.

NESS, C. J., dissents.

NESS, Chief Justice (dissenting):

While I concur in the majority opinion's analysis of the law, that opinion overlooks several crucial facts in this case which dictate a different result. Therefore, I dissent.

Under Rule 36(a), SCRCP,[1] all matters contained in a

---

[1] *See also* former Rule 89, Rules of Practice for the Circuit Courts. While this action was commenced prior to the effective date of the SCRCP, it was still pending on that date and therefore the SCRCP is applicable. Rule 86, SCRCP.

Request for Admission are admitted unless the party serves answers or objects within a certain time. It is undisputed that buyer never responded to Seller's second Request for Admissions served on February 28, 1985. By its failure to act, Buyer admitted: (1) that it "accepted the equipment and goods supplied by [Seller] as reflected in the invoices . . ."; (2) the genuineness of and its acceptance of the invoices and ledger sheets; and (3) that it resold these goods to a third party. These facts are conclusively admitted for the purposes of this litigation since Buyer made no motion to withdraw or amend them. Rule 36(b), SCRCP.

Buyer purchased goods with a total value of $74,660.99 on this account and paid $61,281.80. The outstanding balance due according to Seller's invoices and ledger sheets, which Buyer admitted are genuine, was $13,379.19.

There is no question that the parties had a contract or that Buyer owes Seller money.[2] Buyer's attempt to contest the amount of money owed under that contract comes too late. It is conclusively bound by its admission of the genuineness of the invoices and ledger sheets which show a balance due of $13,379.19. Rule 36(b), SCRCP.

I would therefore affirm the grant of summary judgment to Seller in the amount of $13,379.19. I would also reduce the pre-judgment interest rate from 14% to 8.75%. S. C. Code Ann. Section 34-31-20(A) (Supp. 1985).

---

[2] In fact, Buyer admits owing Seller $4,957.27.