579 S.E.2d 151

**Edgar SCOTT, as Parent and Natural Guardian of Zacharias Scott, a Minor Under the Age of Fourteen Years, Appellant,**

v.

**GREENVILLE HOUSING AUTHORITY, as Owner and Operator of Pierce Homes, Respondent.**

**No. 3616.**

Court of Appeals of South Carolina.

Heard Feb. 11, 2003.

Decided March 17, 2003.

641

John Robert Peace, of Greenville, for Appellant.

Merl F. Code and E. Delane Rosemond, of Greenville, for Respondent.

ANDERSON, J.:

Edgar Scott (Scott), a parent of a three-year-old boy who was severely burned by a hot water heater at a Greenville Housing Authority (GHA) property, appeals the jury verdict in GHA's favor. Scott argues the trial judge erred by refusing to hold GHA admitted liability pursuant to Rule 36, SCRCP. We reverse and remand.

### FACTS/PROCEDURAL BACKGROUND

On February 7, 1998, Scott left his son, three-year-old Zacharias Scott, with a babysitter in unit 62–A of Pierce Homes. Pierce Homes is a property owned and operated by GHA. After going to the bathroom, Zacharias attempted to wash his hands. The water was so hot that it caused severe burns to his hands. Zacharias spent ten days in the hospital for his painful burns, which required him to be placed under anesthesia prior to changing his bandages. Over the next two years, Zacharias underwent several surgeries to improve the appearance and range of motion in his hands. Despite the

surgeries, Zacharias' hands were severely scarred and he incurred more than $23,000 in medical bills.

On January 4, 2000, Scott, on behalf of Zacharias, sued GHA, alleging GHA was aware the hot water heater was improperly set and that GHA's grossly negligent and reckless acts proximately caused Zacharias' injuries. Scott sought actual and punitive damages. GHA denied liability and asserted that Scott was responsible for the injuries for failing to properly supervise Zacharias and Zacharias assumed the risk of burns by using only hot water to wash his hands.

The parties proceeded with discovery. On November 15, 2000, Scott served GHA with Supplemental Interrogatories and Requests for Production, requesting, among other things, inspection records for the hot water heaters. Thereafter, on November 21, 2000, Scott served GHA with a First Set of Requests for Admission and Supplemental Interrogatories. Request to Admit numbers 3 and 4 asked GHA to admit that it was responsible and liable for all of Zacharias' damages, and that its conduct was the sole proximate cause of any and all damages he suffered. The remaining requests asked GHA to admit that it had a duty to inspect the hot water heater to unit 62–A and whether GHA had performed such an inspection in the year prior to the incident. GHA did not respond to either discovery request within thirty days. Further, GHA only responded to the Supplemental Interrogatories and Request to Produce on February 5, 2001, two days before the matter was scheduled for trial. GHA did not produce the inspection records for the hot water heaters and never responded to the Requests for Admission.

The matter was initially scheduled for trial on February 7, 2001. During the pretrial hearing, Scott moved to have GHA's lack of response to the Requests for Admission deemed an admission of liability and proximate cause of Zacharias' injuries pursuant to Rule 36, SCRCP, so that the trial could continue only as to damages. GHA moved to withdraw the admissions for lack of response, averring Scott was on notice that GHA denied liability in the matter because it moved for summary judgment, it denied liability in its answer, and it pled contributory negligence and assumption of the risk as affirmative defenses. GHA alleged that, because the deemed

admission of liability was at the crux of the case, not regarding a tangential fact, the presentation of the merits would be subserved by allowing the admissions to be withdrawn and Scott would suffer no prejudice in having to prove liability.

Scott claimed that, because GHA refused to comply with any of his discovery requests, he did not have the inspection records necessary to prepare his case. Thus, he would be prejudiced and presentation of the merits would not be subserved thereby if GHA were allowed to withdraw their admission of liability. Scott admitted he did not file a motion to compel after GHA failed to respond to the requests for admissions because the issue of liability was deemed admitted under the rule. GHA argued that it had given Scott all the information and records that were available.

The trial court struck GHA's admissions numbers 3 and 4 regarding liability and negligence. The court found Scott made similar allegations in his complaint and that GHA had denied liability and negligence in its answer. The court was concerned that "in every case, then, after issues are joined by pleadings that one or both of the parties will again plead the case by asking for admissions, and we will have a never-ending pleading circumstance by requests for admissions going back and forth between the parties." The court noted that the Tort Claims Act requires gross negligence and an admission of liability does not admit gross negligence. In the written order, the court stated *"the requests to admit are superfluous to the issues joined in the pleadings and specifically pled in the Plaintiff's complaint and specifically denied by affirmative defenses in Defendant's answer."* The trial court continued the trial to allow Scott to file motions to compel and for GHA to provide Scott with discovery.

Scott filed a motion for reconsideration of the matter. The court denied the motion, holding that *"when issues of fact are joined by answer to the complaint denying assertions in the complaint, then no subsequent failure to respond to discovery as permitted by the Rules of this Court may supercede [sic] and negate those ultimate issues of fact in controversy which are presented by the fundamental pleadings of the parties in the cause before the Court."*

Scott moved to compel production of GHA's records concerning the hot water heater. On March 20, 2001, the trial court ordered the production of records and affidavits regarding the search for records within fourteen days. GHA failed to produce any documents within the prescribed time period. Scott moved for sanctions for failure to produce the records on April 3, 2001.

On April 9, 2001, GHA filed the affidavit of U.S. Sweeney, Public Housing Coordinator, in which Sweeney declared he gave his attorney all of the documents concerning the hot water heaters. Thereafter, GHA provided copies of inspection records for the last two inspections of the hot water heaters on April 1, 1997, and May 12, 1998. GHA failed to provide requested information regarding other inspections or the purchase, manufacture, maintenance, warranty, or any other requested information regarding the hot water heater.

The matter was rescheduled for trial on April 23, 2001. During the trial, Sweeney testified that more records regarding the hot water heaters were available. During the lunch break, Sweeney obtained two file folders containing numerous inspection documents. The trial court granted Scott's motion for a mistrial.

Scott filed a second motion for sanctions for contempt of court and failure to participate in discovery. Because GHA had repeatedly denied the existence of the hot water heater records which were readily available, Scott requested that the portion of GHA's answer in which they denied knowledge of the faulty hot water heaters be struck and that GHA pay Scott's trial preparation costs and attorney's fees. The trial court granted Scott's motion for sanctions as to the trial preparation costs and attorney's fees, but the court denied Scott's request to strike GHA's denial of knowledge regarding the hot water heaters.

The case finally went to trial on May 24, 2001. The jury found for GHA.

## STANDARD OF REVIEW

In an action at law, on appeal of a case tried by a jury, the appellate court's standard of review extends merely to the correction of errors of law. *Townes Assocs., Ltd. v. City of*

*Greenville,* 266 S.C. 81, 221 S.E.2d 773 (1976); *R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.,* 343 S.C. 424, 540 S.E.2d 113 (Ct.App.2000). We will not disturb the jury's factual findings unless a review of the record discloses there is no evidence which reasonably supports the jury's findings. *Townes,* 266 S.C. at 85, 221 S.E.2d at 775; *Brown v. Smalls,* 325 S.C. 547, 481 S.E.2d 444 (Ct.App.1997); *see also York v. Conway Ford, Inc.,* 325 S.C. 170, 480 S.E.2d 726 (1997) (Court has no power to review matters of fact in action at law except to determine if verdict is wholly unsupported by evidence); *Cohens v. Atkins,* 333 S.C. 345, 509 S.E.2d 286 (Ct.App.1998) (in action at law on appeal of case tried by jury, jurisdiction of Court of Appeals extends merely to correction of errors of law, and factual finding of jury will not be disturbed unless review of record discloses there is no evidence which reasonably supports jury's findings).

## *LAW/ANALYSIS*

Scott contends the trial court abused its discretion in allowing GHA to withdraw its deemed admission because: (1) the court erred in ruling that a defendant cannot make an admission that is contrary to denials contained in the answer; (2) the court ignored the requirements for admissions and denials as set forth in Rule 36(a), SCRCP; (3) the court failed to follow the requirements of Rule 36(b), SCRCP, in evaluating GHA's motion to withdraw the admissions; and (4) the court's ruling is inconsistent with the "form and substance" of Rule 36. We agree.

## I. ADMISSIONS PURSUANT TO RULE 36(a), SCRCP

■ The trial court in the underlying case based its ruling, in part, on the fact that any admission pursuant to Rule 36(a) would be in direct conflict with GHA's answers in its pleadings and went to the ultimate question of liability.

Whether as previously embodied in prior South Carolina Circuit Court Rule 89 or as currently verbalized in Rule 36, SCRCP, South Carolina has long had the discovery rule that failure to respond to requests for admissions renders any matter listed in the request conclusively admitted for trial.

Rule 36(a)[1] provides that matters for which admissions are requested will be deemed *admitted* "unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow[,] ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter...."

In reviewing the tenets of Rule 36(a), our courts have repeatedly found that failure to respond to requests for admissions deems matters contained therein admitted for trial, regardless of whether the admission concerns a matter responded to in a party's pleadings. In *Hatchell v. Jackson*, 290 S.C. 256, 349 S.E.2d 407 (Ct.App.1986), Hatchell sued Jackson for fraud and deceit in connection with the sale of a restaurant. Jackson counterclaimed for breach of contract. In his reply to Jackson's counterclaim, Hatchell denied he committed a breach of contract, but he failed to respond to Jackson's request for admissions. The Circuit Court granted summary judgment in favor of Jackson. The Court of Appeals articulated:

> Hatchell never responded to Jackson's request for admissions; therefore, under South Carolina Circuit Court Rule 89(a), which was then in effect and is now embodied in Rule 36(a) of the new South Carolina Rules of Civil Procedure, each matter of which Jackson sought an admission was deemed admitted.

> Based upon the admissions on file, Jackson moved for summary judgment. She maintained the pleadings and admissions on file showed that there was no genuine issue as to any material fact and that she was entitled to judgment as a matter of law on both Hatchell's claim and her own.

*Hatchell,* 290 S.C. at 258, 349 S.E.2d at 408. Because genuine issues of material fact still existed even after matters were deemed admitted due to Hatchell's failure to respond to the request, this Court held the Circuit Court erred in granting

---

1. The second paragraph of Rule 36(a) was amended effective September 1, 2001, to reflect the change in Rule 29 allowing parties, under certain circumstances, to stipulate to extensions. Because this amendment occurred after the underlying events in the present case, it has no effect on our analysis.

summary judgment and reversed. *Id.* at 259, 349 S.E.2d at 408.

A majority of the Supreme Court, in *Hinson–Barr, Inc. v. Pinckard,* 292 S.C. 267, 356 S.E.2d 115 (1987), concluded that a seller of restaurant equipment was not entitled to summary judgment in its action for breach of contract against a buyer. The dissent, however, pointed out that the buyer failed to respond to the requests for admission:

> Under Rule 36(a), SCRCP, all matters contained in a Request for Admission are admitted unless the party serves answers or objects within a certain time. It is undisputed that [B]uyer never responded to Seller's second Request for Admissions served on February 28, 1985. By its failure to act, Buyer admitted: (1) that it "accepted the equipment and goods supplied by [Seller] as reflected in the invoices ..."; (2) the genuineness of and its acceptance of the invoices and ledger sheets; and (3) that it resold these goods to a third party. These facts are conclusively admitted for the purposes of this litigation since Buyer made no motion to withdraw or amend them. Rule 36(b), SCRCP.

*Hinson–Barr,* 292 S.C. at 269–70, 356 S.E.2d at 116–17 (Ness, C.J., dissenting) (footnote omitted); *see also Bakala v. Bakala,* 352 S.C. 612, 630, 576 S.E.2d 156, 166 (2003) ("Husband did not respond to Wife's request to admit that his interest in Hartig had a value of $300,000 and this fact is therefore deemed admitted under Rule 36(a), SCRCP.").

More recently, the Court of Appeals addressed the binding effect of admissions due to a failure to respond to the requests to admit. In *Commerce Center of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc.,* 347 S.C. 545, 556 S.E.2d 718 (Ct.App.2001), a building owner brought an action against an architect and a contractor for damages due to leaky windows. The building owner responded to the requests for admissions, but the owner specifically reserved the right to supplement the response. In reviewing the Circuit Court's refusal to allow the contractor to present copies of the admissions to the jury while granting the owner's request to amend the admissions, this Court determined that admissions obtained via a failure to respond to a request to admit were *just*

*as binding on a party* as answers in pleadings or stipulations, absent the grant of an amendment to the admissions:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the general rules of discovery that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. Rule 36(a), SCRCP. The efficacy of these admissions is akin to the doctrine of judicial estoppel: an admission precludes the admitting party from arguing facts at trial contrary to its responses to a request to admit, absent an amendment to or revocation of the admission as allowed under the rules. *See* Rule 36(b), SCRCP ("Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."); *cf. Adams v. Orr*, 260 S.C. 92, 194 S.E.2d 232 (1973) (affirming trial judge's refusal to hold that plaintiff's lack of responses to several of defendant's requests to admit were admitted as binding fact because the requests to admit, as worded, were ambiguous and subject to more than one reasonable interpretation).
>
> Admissions under Rule 36 are treated as admissions in pleadings. *Muller v. Myrtle Beach Golf & Yacht Club*, 303 S.C. 137, 399 S.E.2d 430 (Ct.App.1990), *overruled on other grounds by Myrtle Beach Hosp., Inc. v. City of Myrtle Beach*, 341 S.C. 1, 532 S.E.2d 868 (2000); *see also* James F. Flanagan, *South Carolina Civil Procedure* 304 (1996) ("Admissions are similar to pleadings."); *Pulte Home Corp. v. Woodland Nursery & Landscapes, Inc.*, 230 Ga.App. 455, 496 S.E.2d 546, 548 (1998) ("In form and substance [a response to a request to admit] is comparable to an admission in pleadings or stipulation of facts and as such is generally regarded as a judicial admission rather than evidentiary admission of a party.").

*Commerce Ctr.*, 347 S.C. at 554–55, 556 S.E.2d at 723 (footnote omitted). Although the Court found the Requests for Admissions were just as binding as pleadings on the parties, it further ruled the Circuit Court was correct in refusing to submit the admissions to the jury because, pursuant to Rule 43, SCRCP, " 'pleadings shall not be submitted to the jury for

its deliberations.'" *Id.* at 555, 556 S.E.2d at 723 (quoting Rule 43(g), SCRCP). Thus, in our state, requests to admit are not submitted to the jury; rather, the proper course of action is to publish the admissions to the jury. *Id.*

The federal rule on requests for admissions is substantively similar to our rule. According to Rule 36(a) of the Federal Rules of Civil Procedure, matters for which an admission is sought shall be deemed admitted unless "the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ." Rule 36(a), FRCP. The purpose of the rule is to save time and to limit the issues in the case:

> [The rule's] function is to define and limit the matters in controversy between the parties.
>
>> Through such definition and limitation, admissions promote both efficiency and economy in resolving disputes. If a point is conceded, litigants need not expend effort in investigations concerning it nor incur expense in presenting evidence to prove it. Judicial administration is also aided. Admissions reduce the time required to try a case. Indeed, they often make summary judgment possible. Finally, admissions encourage litigants to evaluate realistically the hazards of trial, and thus tend to promote settlements.
>
> The rule is intended to expedite the trial and to relieve the parties of the cost of proving facts that will not be disputed at trial, the truth of which is known to the parties or can be ascertained by reasonable inquiry.

8A Charles Alan Wright & Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2252 (2d ed.1994) (footnotes omitted); *see also Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir.1992) ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

Some federal courts have held that requests for admissions are not objectionable merely because they go to ultimate facts or other issues that must be proven by the plaintiff. *See, e.g., Cereghino v. Boeing Co.*, 873 F.Supp. 398, 403 (D.Or.1994)

(holding "a request for admission under Rule 36, and a resultant admission, are not improper merely because they ... relate to an 'ultimate fact,' or prove dispositive of the entire case.").

The trial judge in the present case erred as a matter of law in finding the admissions made as a result of GHA's failure to respond to Scott's requests for admissions were not binding because the admissions would conflict with GHA's answers in its pleadings. The purpose of Rule 36 is to allow parties to narrow the issues and determine which facts do not need to be proven because they are admitted. Rule 36(a) does not condition the binding effect of requests for admissions upon whether the requests address issues asserted or denied in the pleadings. Whether a request to admit alters the pleadings depends on the language of the particular request to admit. However, if the language of the request for admission specifically goes to an issue in the pleadings, the admission resulting from a party's failure to respond to the request may override the pleadings. Despite GHA's denial of liability and negligence in its pleadings, its failure to respond to Scott's requests for admissions concerning these issues was binding upon it.

This record exemplifies a paradigm of contumacy and intransigence in the discovery arena. A review of the record does *not* reveal a paucity or a modicum of response. The activity by GHA demonstrates a nihility in the discovery activity.

Concomitantly, we reverse the trial court's finding that the ultimate issue could not be determined by the admission because it was "superfluous" to the pleadings.

## II. AMENDMENT OF ADMISSIONS— RULE 36(b), SCRCP

We now turn to whether the trial court abused its discretion in allowing GHA to withdraw its admissions.

Rule 36(b) delineates the effect of any admission:

Any matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions

of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose.

Rule 36(b), SCRCP (emphasis added). Therefore, a trial court "may allow a party to amend or withdraw its answers to a request to admit when: (1) the presentation of the merits is furthered by the amendment; and (2) the party who obtained the admission cannot demonstrate prejudice because of the amendment." *Commerce Ctr. of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc.,* 347 S.C. 545, 557, 556 S.E.2d 718, 724 (Ct.App.2001); *see also Tuomey Reg'l Med. Ctr., Inc. v. McIntosh,* 315 S.C. 189, 191, 432 S.E.2d 485, 487 (1985) ("Rule 36, SCRCP allows amendment of an admission in the discretion of the court when 'the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him ....' "). Federal Rule 36(b), FRCP, similarly provides that "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."

In the instant case, GHA argued that it should be allowed to withdraw the admission resulting from its lack of response because it "affirmatively denied those specific admissions ... in the answer ... and [it] moved for summary judgment...." GHA asserted Scott would not suffer any prejudice because "at any time during this case [Scott] would never have relied upon the fact that we would admit liability" due to GHA's denial in the pleadings. Scott alleged that the merits would not be subserved by letting GHA out of its admissions. Because of GHA's refusal to cooperate with discovery requests, Scott claimed he would be severely prejudiced. In ruling on the matter, the trial court never addressed whether Scott

would be prejudiced by the withdrawal of the admissions. The court merely focused on the problems that might occur if requests for admissions were allowed to negate denials in pleadings.

 The gist and gravamen of the discovery rules mandate full and fair disclosure to prevent a trial from becoming a guessing game or one of ambush for either party. *See State Hwy. Dep't v. Booker,* 260 S.C. 245, 195 S.E.2d 615 (1973); *Hodge v. Myers,* 255 S.C. 542, 180 S.E.2d 203 (1971). Essentially, the rights of discovery articulated by the rules give the attorney the means to prepare for trial.

 Discovery is the quintessence of preparation for trial and, when discovery rights are trampled, prejudice must be presumed. *See Downey v. Dixon,* 294 S.C. 42, 362 S.E.2d 317 (Ct.App.1987). Unless the party who has failed to submit to discovery can show lack of prejudice, reversal is mandated. *Samples v. Mitchell,* 329 S.C. 105, 495 S.E.2d 213 (Ct.App. 1997).

The judge erred in failing to address the prejudice that would be suffered by Scott. Further, it is evident from the record that Scott was prejudiced by the withdrawal of the admission. GHA either denied the existence of or did not provide Scott with discovery records it clearly had access to prior to the first date the trial was scheduled. Scott needed the discovery, which was solely within the control of GHA, in order to prove his case. After the trial court allowed GHA to withdraw its admissions, GHA continued to frustrate Scott's ability to present his case by first denying the existence of the hot water heater records and then surprising Scott with the records during the middle of trial. The trial court erred in failing to find that Scott was prejudiced. We conclude the trial court committed an abuse of discretion in allowing the withdrawal of the admissions in this case.

Furthermore, we note the trial court had the option to completely strike GHA's pleadings in the matter as a sanction for its failure to cooperate in discovery. *See* Rule 37(b)(2)(C), SCRCP; *see also In re Solomon,* 307 S.C. 1, 3, 413 S.E.2d 808, 809 (1992) (holding that "[b]ecause [attorney] did not respond [to the requests for admission], however, the allegations were

deemed admitted by the trial judge pursuant to Rule 37, SCRCP, and judgment was entered against [client].").

## *CONCLUSION*

The trial court's decision to allow GHA to withdraw the admissions was based on the judge's erroneous belief that requests for admissions could not displace answers in pleadings. The court failed to consider the prejudice that would and did result to Scott due to the withdrawal of the admissions. Accordingly, we **REVERSE** the trial court's decision to allow withdrawal of the admissions, **REVERSE** the jury's verdict in the trial, and **REMAND** the matter for further proceedings consistent with this opinion.

**REVERSED and REMANDED.**

CONNOR and HUFF, JJ., concur.