THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Wanda Phillips, Respondent,
v.
Martin Bayless, Bryson Folks, Any Lengths Recovery, Inc., d/b/a Any Lengths Recovery Community and Paradise Properties, Inc.,
Defendants,
Of which Any Lengths Recovery, Inc., d/b/a Any Lengths Recovery Community is
Appellant.
 
 
 

Appeal From Sumter County
 Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2006-UP-379
Submitted October 1, 2006  Filed November 21, 2006

AFFIRMED 

 
 
 
Tressa T.H. Hayes, of Columbia, for Appellant.
Amanda Graham Steinmeyer, of Columbia, for Respondent.
 
 
 

PER CURIAM:  This is an appeal by Appellant Any Lengths Recovery, Inc. (Any Lengths) in an action where Respondent Wanda Phillips (Phillips) alleged premises liability and negligence against Any Lengths.  The trial court granted summary judgment in favor of Phillips based on Any Lengths failure to respond to Phillips request for admissions.  We affirm.[1]
FACTS
In August of 2000, Phillips was a resident at Any Lengths Recovery, Inc., a rehabilitation treatment facility.  On August 13, 2000,  while playing a game of volleyball at the facility, Phillips was suddenly knocked to the ground by two dogs.[2]  As a result, she suffered injuries requiring reconstructive surgery on her knee. She continues on pain medications for symptoms resulting from the injuries.  Phillips alleged the common area where her injuries were sustained were under the control of Any Lengths.  
On July 7, 2004, Phillips sued Any Lengths alleging both premises liability and negligence.  In its Answer, Any Lengths denied liability for Phillips injuries.  On January 28, 2004, Phillips sent her first interrogatories and request to produce to Any Lengths.  On March 4, 2004, Phillips sent Any Lengths a letter asking for a response to her discovery requests.  Five months later, Phillips still had not received any response from Any Lengths.  Phillips, then, sent a second letter to Any Lengths in August of 2004 requesting Any Lengths to respond to her discovery requests, and threatening to file a motion to compel.   Because Any Lengths failed to respond, Phillips filed a motion to compel on August 18, 2004.  Notice of the hearing on the motion to compel was given to all parties.  In the meantime, Phillips served Any Lengths with a second interrogatory and request for production on September 1, 2004, and a third interrogatory and request for production on September 22, 2004, to which Any Lengths also did not respond.  
On January 4, 2005, the trial court heard Phillips motion to compel and noted that Any Lengths failed to appear at the hearing.  The trial court granted Phillips motion to compel and ordered Any Lengths to comply with all outstanding discovery requested by Plaintiff without any objections whatsoever within ten days after entry of this order.  The trial court further ordered that failure to comply with the order would result in all appropriate remedies and sanctions available.  A cover letter from the Clerk of Court states that on February 4, 2005, the trial courts order to compel was mailed to counsel for Any Lengths.  Nevertheless, on January 10, 2005, Phillips served a second copy of the trial courts ruling on Any Lengths by way of facsimile and regular mail.  Any Lengths did not respond to the discovery order within ten days as ordered.  
On January 27, 2005, Phillips mailed a request for admissions to Any Lengths counsel.  Any Lengths, however, did not respond to Phillips request with either written responses or objection to the request.  Counsel for Any Lengths claimed he did not receive the request.  However, the Record on Appeal shows a certificate of service was attached to the copy of the request for admissions mailed to Any Lengths.  On March 7, 2005, Phillips moved for summary judgment based upon Any Lengths failure to respond to discovery, including its failure to comply with the courts order, and a failure to respond to the request for admissions.  Any Lengths was served with notice of the motion for summary judgment on the same date.  On April 4, 2005, the trial court granted the motion for summary judgment as to liability against Any Lengths for failure to respond to the request for admissions, which under Rule 36 of the South Carolina Rules of Civil Procedure, was deemed admitted.  
On April 5, 2005, Any Lengths moved for reconsideration of the summary judgment order, which the court subsequently denied.  This appeal followed.
STANDARD OF REVIEW
When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the trial court under Rule 56(c) of the South Carolina Rules of Civil Procedure; summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002).  In determining whether any triable issue of fact exists, the evidence and all inferences, which can reasonably be drawn therefrom, must be viewed in the light most favorable to the nonmoving party.  Faile v. S.C. Dept of Juvenile Justice, 350 S.C. 315, 324, 566 S.E.2d 536, 540 (2002).  If triable issues exist, those issues must go to the jury.  Young v. S.C. Dept of Corr., 333 S.C. 714, 717, 511 S.E.2d 413, 415 (Ct. App. 1999).  Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.  Vermeer Carolinas Inc. v. Wool/Chuck Chipper Corp., 336 S.C. 53, 59, 518 S.E.2d 301, 305 (Ct. App. 1999).
LAW/ANALYSIS
 As a primary matter, we affirm the trial courts order granting summary judgment against Any Lengths based on Rule 220(c) of the South Carolina Rules of Civil Procedure.  Rule 220(c), SCRCP states: The appellate court may affirm any ruling, order, or judgment upon any ground(s) appearing in the Record on Appeal. The Record on Appeal indicates counsel for Any Lengths has repeatedly failed to respond to Phillips discovery requests since the commencement of this litigation, which had been nearly two years on the date of the hearing on the motion for summary judgment on April 4, 2005. 
Any Lengths failed to respond to four sets of interrogatories and requests to produce.  Any Lengths also failed to respond to Phillips request for admissions or appear at the hearing on motion to compel.  Any Lengths even failed to respond to a court order compelling its response to outstanding discovery within ten days of entry of the order.  These omissions occurred despite Any Lengths admission to receipt of such documents as: (1) two letters from Phillips requesting production; (2) notice of Phillips motion to compel; (3) a copy of the courts order regarding the motion to compel; (4) Phillips fourth request for production; and (5) notice of Phillips motion for summary judgment.  Under these circumstances, and in view of the history of Any Lengths failure to respond to discovery even to the point of disregarding a court order, we affirm the trial courts order granting summary judgment.
I.  Non-receipt of Request for Admissions
As to Any Lengths contention that the trial court erred in deeming Phillips request to admit admitted in the face of Any Lengths claim it did not receive notice of the request until it received Phillips summary judgment motion, we find no error. 
South Carolina Rule of Civil Procedure 5(b)(1) provides that service upon the attorney or upon a party shall be made by delivering a copy to the attorney or party or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court.  Service by mail is therefore complete upon mailing of all pleadings following service of the original summons and complaint.  Rule 5(b)(1), SCRCP.  
Here, the Record on Appeal indicates Phillips met the burden of showing that notice was actually mailed by presenting a valid certificate of service dated January 27, 2005.  Therefore, the record supports the trial courts acceptance of Phillips certification that the request for admissions had been mailed, in spite of Any Lengths claim[3] of non-receipt of the request. 
Further, under Rule 36(a) of the South Carolina Rules of Civil Procedure, all matters contained in a request for admissions are admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party serves answers or objects to the matter.  Hinson-Barr, Inc. v. Pinckard, 292 S.C. 267, 269-70, 356 S.E.2d 115, 116 (1987). Failure to respond to a request for admissions deems the request admitted.  Rule 36(a), SCRCP; Hatchell v. Jackson, 290 S.C. 256, 258, 349 S.E.2d 407, 408 (Ct. App. 1986).   
II.  Time to Respond Not Yet Expired 
We also reject Any Lengths contention the trial court erred in deeming Phillips request for admissions admitted and granting summary judgment against Any Lengths because Phillips notice of summary judgment motion constituted subsequent service of the request for admissions.  Thus, the time to respond to the request had not expired when the court deemed the request admitted.  In view of our holding that there was no error on the part of the trial court in accepting Phillips certification of service of the request for admissions, we hold this argument to be manifestly without merit and dispose of it pursuant to Rule 220(c), SCRCP.
III.  Bright-Line Test
Finally, as to Any Lengths contention the trial court erred in deeming Phillips request for admissions admitted and the application of a bright line test, we find no error.
Relying on Collins v. White, 363 S.C. 546, 611 S.E.2d 262 (Ct. App. 2005), Any Lengths argues that instead of applying a bright line test, the trial court should have exercised its discretion and refused to deem the request admitted when the admissions arose solely from the failure to make a timely response.  However, Any Lengths reliance on Collins is misplaced and demonstrates a misunderstanding of the procedural facts upon which the court in Collins determined judicial discretion was appropriate in refusing to deem the request admitted.  
In Collins, the court refused to deem the unanswered request admitted because not only did the party to whom the response was requested fail to respond in a timely manner, but the requesting party knowingly sent the requests to the wrong address with the understanding that no attorney was present or practiced at that address. 363 S.C. at 553, 611 S.E.2d at 265.  The record does not indicate that such a deceptive act occurred in the present case.  Further, in Collins, the court permitted the party to whom the response was requested to file a late response to the request pursuant to the partys motion to file a late answer to the request. Id.  In the present case,  Any Lengths did not request additional time to respond to the request, not even between the date Any Lengths claimed to have learned of the request by way of the notice of motion for summary judgment on March 7, 2005, and the time of the hearing on the motion for reconsideration on April 6, 2005.  
Under Rule 36(b) of the South Carolina Rules of Civil Procedure, any matter admitted under Rule 36(a) is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Scott v. Greenville Housing Auth., 353 S.C. 639, 645, 579 S.E.2d 151, 154 (Ct. App. 2003).  Once a party moves for withdrawal or amendment of the admission, the court applies a test to determine: (1) whether the presentation of the merits of the action will be subserved by the withdrawal or amendment; and (2) whether the party who obtained the admission can prove to the court that the withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.  Rule 36(b), SCRCP;  Baughman v. American Tel. & Tel. Co., 306 S.C. 101, 109-110, 410 S.E.2d 537, 542 (1991). However, if the party seeking to amend or withdraw the admission does not move for withdrawal or amendment, the court will not need to apply the test for withdrawal or amendment and will deem the request admitted.  Hinson-Barr, Inc. v. Pinckard, 292 S.C. 267, 270, 356 S.E.2d 115, 117 (1987) (finding that because buyer made no motion to withdraw or amend his admissions, they were deemed admitted).
Any Lengths claims it requested permission at the summary judgment hearing to respond to discovery. However, as we read the record, Any Lengths counsels request at the summary judgment hearing concerned the motion to produce, not the request for admissions.  
We find the trial court appropriately applied the bright line test given the lack of Any Lengths attempts to move to file a late response to the request for admissions.  Accordingly, we find the trial court did not err in deeming Phillips request for admissions admitted and granting summary judgment against Any Lengths based upon its application of the bright line test.
CONCLUSION
 For the foregoing reasons, the trial court properly deemed the
request for admissions admitted and granted summary judgment against Any Lengths on the grounds of Any Lengths failure to respond to the request under Rule 36 of the South Carolina Rules of Civil Procedure and its failure to respond to discovery in general.      Accordingly, the trial courts order granting summary judgment to Phillips is
AFFIRMED.
HUFF, SHORT, JJ., and CURETON, AJ., concur. 

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] The two dogs were owned by Defendants Martin Bayless and Bryson Folks, both of whom are not parties to this appeal.  
[3] Any Lengths attorneys claim of non-receipt is based on the fact that the request for admissions could not be found in his file. The fact that the request could not be found in the file is not proof that it was not received by his office. The mailing of the request, along with a valid certificate of service, gave rise to a rebuttable presumption of receipt.  Weir v. Citicorp Natl Serv., Inc., 312 S.C. 511, 513, 435 S.E.2d 864, 868 (1993) (finding a rebuttable presumption regarding receipt is established upon the evidence of mailing a properly addressed document).