**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Jerry Gadson and Sheila Gadson, Appellants,

v.

Caroline Deloatch and Bank of America, Individually and Jointly, Respondents.

Appellate Case No. 2012-211466

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-221
Submitted April 1, 2014 – Filed June 11, 2014

---

**AFFIRMED**

---

Mary P. Miles, of Law Office of Mary P. Miles, of Cayce, for Appellants.

Thad H. Westbrook and Michael J. Anzelmo, both of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondents.

---

**PER CURIAM:** Jerry and Sheila Gadson (the Gadsons) appeal the trial court's grant of summary judgment in favor of Bank of America and denial of their motion

to extend time to respond to requests for admission or, alternatively, to withdraw the admissions.  The Gadsons argue the trial court erred in (1) granting summary judgment based on deemed admissions because the Rule 40(j), SCRCP, consent motion justified their late responses and they effectively withdrew their admissions by filing late responses; (2) failing to grant their motion to withdraw admissions because withdrawal would promote the merits of the case and would not prejudice Bank of America; and (3) failing to state reasons for denying their motion to withdraw admissions.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in granting summary judgment:  *Wogan v. Kunze*, 379 S.C. 581, 585, 666 S.E.2d 901, 903 (2008) ("When reviewing the grant of summary judgment, [an appellate court] applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Scott v. Greenville Hous. Auth.*, 353 S.C. 639, 645, 579 S.E.2d 151, 154 (Ct. App. 2003) ("[F]ailure to respond to requests for admissions renders any matter listed in the request conclusively admitted for trial."); Rule 36(a), SCRCP ("The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter.").

2.  As to whether the trial court erred in denying the Gadsons' motion:  Rule 36(b), SCRCP (stating a trial court "may permit withdrawal or amendment [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admissions fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits"); *Scott*, 353 S.C. at 652, 579 S.E.2d at 158 (holding the trial court abused its discretion by allowing the withdrawal of admissions because the party who obtained the admission demonstrated prejudice).

3.  As to whether the trial court erred in failing to state reasons for denying the Gadsons' motion:  *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the [trial] court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

**AFFIRMED.**[1]

**WILLIAMS, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.