**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ginger Lynn Kirby, A/K/A Ginger De Witt, Respondent,

v.

John Wilson De Witt, Jr., Appellant.

Appellate Case No. 2022-000834

———————

Appeal From Florence County
Timothy H. Pogue, Family Court Judge

———————

Unpublished Opinion No. 2025-UP-345
Submitted September 1, 2025 – Filed October 8, 2025

———————

**AFFIRMED**

———————

Michael Bland Dodd, of The Dodd Law Firm, LLC, of Greenville, for Appellant.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City, for Respondent.

———————

**PER CURIAM:** John Wilson De Witt, Jr. appeals the family court's order finding he and Ginger Lynn Kirby, A/K/A Ginger De Witt, entered into a common law marriage prior to the effective date of South Carolina's abolition of common law marriage. On appeal, De Witt argues the family court abused its discretion in (1)

denying his motion for continuance and (2) finding Kirby's requests for admissions were deemed admitted for the purpose of trial.

1. We hold the family court did not abuse its discretion in denying De Witt's motion for a continuance. *See Stone v. Thompson*, 428 S.C. 79, 91, 833 S.E.2d 266, 272 (2019) ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller v. Weller*, 434 S.C. 530, 538, 863 S.E.2d 835, 839 (Ct. App. 2021) ("Evidentiary and procedural rulings are reviewed for an abuse of discretion."); *Gartside v. Gartside*, 383 S.C. 35, 42, 677 S.E.2d 621, 625 (Ct. App. 2009) ("An abuse of discretion occurs when the family court's decision is controlled by some error of law or whe[n] the order, based upon findings of fact, is without evidentiary support."); *S.C. Dep't of Soc. Servs. v. Laura D.*, 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009) ("The denial of a motion for a continuance 'will not be upset unless it clearly appears that there was an abuse of discretion to the prejudice of [the] appellant.'" (quoting *Williams v. Bordon's, Inc.*, 274 S.C. 275, 279, 262 S.E.2d 881, 883 (1980))). De Witt contends the denial of his motion deprived him of the assistance of counsel in a complex case, thereby causing prejudicial consequences. De Witt originally agreed to a ten-day deadline to obtain new counsel; however, he received nearly two years' continuance by the time he moved at the "eleventh hour" to continue a hearing scheduled four months in advance. Therefore, we hold De Witt failed to show good and sufficient cause for a continuance. *See* Rule 40(i)(1), SCRCP ("If good and sufficient cause for continuance is shown, the continuance may be granted by the court. Ordinarily such continuances shall be only until the next term of court."); *Sellers v. Nichols*, 432 S.C. 101, 116, 851 S.E.2d 54, 61 (Ct. App. 2020) (holding a party failed to show good and sufficient cause to grant a continuance from a hearing when (1) her two previous attorneys were relieved in the course of litigation and (2) seven days prior to the hearing, she signed a consent order stating she would represent herself if she could not obtain new counsel).

2. We hold the family court did not abuse its discretion in deeming Kirby's requests for admissions admitted. *See Stone*, 428 S.C. at 91, 833 S.E.2d at 272 ("Appellate courts review family court matters de novo, with the exceptions of evidentiary and procedural rulings."); *Weller*, 434 S.C. at 538, 863 S.E.2d at 839 ("Evidentiary and procedural rulings are reviewed for an abuse of discretion."); *Gartside*, 383 S.C. at 42, 677 S.E.2d at 625 ("An abuse of discretion occurs when the family court's decision is controlled by some error of law or whe[n] the order, based upon findings of fact, is without evidentiary support."). De Witt maintains he did not see Kirby's requests before the final hearing and denies the requested matters. However, Kirby raised the outstanding requests to the court at the first

status conference hearing in the case. In its initial status conference order, the court noted De Witt had failed to respond to Kirby's requests, and conditioned enforcement of further responses from Kirby upon De Witt's completion of her initial requests. The court ordered completion of discovery in two additional orders before the final hearing. Further, Kirby presented a certificate of service of the requests at the final hearing. Thus, we hold the circumstances indicated the family court exercised its discretion in deeming Kirby's requests admitted. *See* Rule 36(a), SCRCP ("A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b) [of the South Carolina Rules of Civil Procedure]."); *id*. ("The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ."); Rule 36(b), SCRCP ("Any matter admitted under [Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission."); *see also Scott v. Greenville Hous. Auth.*, 353 S.C. 639, 645, 579 S.E.2d 151, 154 (Ct. App. 2003) ("South Carolina has long had the discovery rule that failure to respond to requests for admissions renders any matter listed in the request conclusively admitted for trial."); *cf. Nexstar Media Grp., Inc. v. Davis Roofing Grp., LLC*, 431 S.C. 593, 603, 848 S.E.2d 597, 602 (Ct. App. 2020) ("However, South Carolina jurisprudence also establishes a trial court may use its discretion in finding requests to admit are not deemed admitted when the circumstances indicate otherwise."); *id*. at 604, 848 S.E.2d at 603 (affirming the master-in-equity's refusal to deem requests admitted when circumstances included that (1) the recipient party was hospitalized in serious condition when the requests were sent, (2) the intended recipient denied ever receiving the requests; and (3) after the intended recipient obtained counsel, the requesting party did not notify counsel of the requests); *Crestwood Golf Club, Inc. v. Potter*, 328 S.C. 201, 219, 493 S.E.2d 826, 836 (1997) (finding the master-in-equity exercised his discretion in refusing to deem requests admitted when three attorneys asserted they never received the requests at issue and/or follow-up communications, and there was a "lack of hard proof" of actual receipt); *Collins Entertainment, Inc. v. White*, 363 S.C. 546, 553, 556-57, 611 S.E.2d 262, 265, 267-68 (Ct. App. 2005) (determining the circuit court acted within its discretion in refusing to deem requests admitted in part because the requesting party failed to notify the recipient or the court that the requests were outstanding until the beginning of trial).

**AFFIRMED.**[1]

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**