**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In re: Estate of John Dale Williamson

Doug Williamson, Respondent,

v.

Errick L. Williamson, individually and as personal representative of the Estate of John Dale Williamson; Derrick Williamson; and Robin Beckler, Respondents below,

of whom Errick L. Williamson, individually, and Errick L. Williams, as personal representative of the Estate of John Dale Williamson is the Appellant.

Appellate Case No. 2024-001466

———————

Appeal From York County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-067
Submitted January 2, 2026 – Filed February 18, 2026

———————

**AFFIRMED**

———————

Edward Bilbro Davis, of Bell, Davis & Pitt, PA, of Charlotte, North Carolina, for Appellant.

James Nathanial Pierce, of Johnston Allison & Hord, PA, of Charlotte, North Carolina, for Respondent.

_____

**PER CURIAM:** Errick L. Williamson (Errick) appeals the circuit court's order affirming the probate court's order granting partial summary judgment in favor of Doug Williamson (Doug) and the denial of Errick's motion to withdraw or amend his admissions, or alternatively to extend discovery. On appeal, Errick contends the circuit court (1) erred in finding that Doug would be prejudiced by permitting withdrawal of his admission pursuant to Rule 36(b) of the South Carolina Rules of Civil Procedure and (2) abused its discretion by affirming the probate court's grant of partial summary judgment. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court did not abuse its discretion in affirming the probate court's denial of Errick's request to amend or withdraw his admissions. *See Stokes-Craven Holding Corp. v. McKenzie*, 416 S.C. 517, 536, 787 S.E.2d 485, 495 (2016) ("A [circuit] court's rulings in matters related to discovery generally will not be disturbed on appeal in the absence of a clear abuse of discretion."); *id.* ("An abuse of discretion occurs when the [circuit] court's order is controlled by an error of law or when there is no evidentiary support for the [circuit] court's factual conclusions."). Although Errick's admission that John Dale Williamson did not sign the will in question would further the merits of the proceeding to determine the validity of the will's execution, we find Doug demonstrated he would be prejudiced by the amendment or withdrawal of Errick's admission. *See* Rule 36(a), SCRCP ("A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b) [of the South Carolina Rules of Civil Procedure] . . . ."); *id.* ("The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as stipulated in writing by the parties . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . ."); Rule 36(b), SCRCP ("Any matter admitted under [Rule 36] is conclusively established unless the court on motion permits withdrawal or amendment of the admission."); *Scott v. Greenville Hous. Auth.*, 353 S.C. 639, 645, 579 S.E.2d 151, 154 (Ct. App. 2003) ("South Carolina has long had the discovery rule that failure to respond to requests for admissions renders any matter listed in the request conclusively admitted for trial."); *Nexstar Media Grp., Inc. v. Davis Roofing Grp.*, 431 S.C. 593, 603, 848 S.E.2d 597, 602 (Ct. App. 2020) ("However, South Carolina jurisprudence also establishes a [circuit] court may use its discretion in finding requests to admit are not deemed admitted when the circumstances indicate otherwise."); *Scott*, 353 S.C.

at 651, 579 S.E.2d at 157 ("[A circuit] court may allow a party to amend or withdraw its answers to a request to admit when: (1) the presentation of the merits is furthered by the amendment; and (2) the party who obtained the admission cannot demonstrate prejudice because of the amendment." (quoting *Com. Ctr. of Greenville, Inc. v. W. Powers McElveen & Assocs., Inc.*, 347 S.C. 545, 557, 556 S.E.2d 718, 724 (Ct. App. 2001))); *id.* at 652, 579 S.E.2d at 158 ("Discovery is the quintessence of preparation for trial and, when discovery rights are trampled, prejudice must be presumed.").

2. Viewing the evidence in the light most favorable to Errick, we hold the circuit court did not err in affirming the probate court's grant of partial summary judgment in favor of Doug because Errick did not raise a genuine issue of material fact as to whether the will was properly executed. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) (stating an appellate court reviews the granting of a motion for summary judgment under "the same standard that governs the [circuit] court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]"); Rule 56(c), SCRCP (providing that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."). Errick's admission that "John Dale Williamson did not sign the Last Will and Testament" did not create a genuine issue of material fact regarding the validity of the will because a testator's signature is required for proper execution. *See Brooks v. Northwood Little League, Inc.*, 327 S.C. 400, 403, 489 S.E.2d 647, 648 (Ct. App. 1997) ("[W]hen the evidence is susceptible of only one reasonable interpretation, summary judgment may be granted."); *Murphy v. Tyndall*, 384 S.C. 50, 54, 681 S.E.2d 28, 30 (Ct. App. 2009) ("Because it is a drastic remedy, summary judgment should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues." (quoting *Carolina All. For Fair Emp. v. S.C. Dep't of Lab., Licensing, & Regul.*, 337 S.C. 476, 485, 523 S.E.2d 795, 799 (Ct. App. 1999))); S.C. Code Ann. § 62-2-502 (2022) (requiring that "every will shall be: (1) in writing; (2) signed by the testator or signed in the testator's name by some other individual in the testator's presence and by the testator's direction; and (3) signed by at least two individuals each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, AND TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.