AMERICAN &C. COMPANY v. FELDER.

1. ATTORNEY—NOTICE—MARRIED WOMEN.—A party is chargeable with notice of all facts made known to the attorney employed by him to examine the title of land offered as security for a loan, and while engaged in such examination, affecting the validity of the proposed mortgage, as, *e. g.*, that the mortgage to be given by a married woman was to raise money for her husband's use.

2. THE FINDING OF FACT BY THE CIRCUIT JUDGE, from testimony reported by the master, that an attorney had notice of the intended application of money about to be borrowed in the name of a married woman, not disturbed.

3. MARRIED WOMEN—MORTGAGE—PROCEEDS.—A mortgage is null and void where given by a married woman to raise money for her husband's use, with the knowledge of the mortgagee, the proceeds of the loan being received by the husband on drafts given by mortgagee to mortgagor and payable to her order, and endorsed by her and handed to her husband to collect.

Before WITHERSPOON, J., Barnwell, November, 1894.

Action by the American Freehold Land Mortgage Company of London, Limited, against Bessie C. Felder and others, commenced September 29, 1893, to foreclose a mortgage given by Bessie C. Felder to plaintiff on September 10, 1884. The Circuit decree was as follows:

This is an action by plaintiff to foreclose a mortgage of real estate, executed September 10th, 1884, to plaintiff by the defendant, Bessie C. Felder, a married woman. The defendant, Bessie C. Felder, and her husband, the defendant, N. Z. Felder, allege in their answer that the money secured by the mortgage was borrowed from plaintiff for the use of N. Z. Felder, the husband; that it had no reference to the separate estate of Bessie C. Felder, and that plaintiff at the time of the loan had notice that N. Z. Felder, the husband, was borrowing the money for his own use. The defendant, Jane S. Counts, has gone into possession of a portion of the premises embraced in plaintiff's mortgage since the execution of said mortgage.

The case was heard upon the pleadings, the testimony taken and reported by the master, and upon the argument of counsel:

It appears that John B. Palmer & Son, of Columbia, repre-
sented the plaintiffs in loaning money in this State secured by
mortgage of real estate. Robert Aldrich, Esq., represented
Palmer & Son as their local agent at Barnwell, S. C. On the
20th of June, 1884, Hutson & Co., of Aiken, S. C., forwarded
to Palmer & Son, at Columbia, the written application of the
defendants, Bessie C. Felder and N. Z. Felder, signed in the
order named, for a loan of $500, to be secured by a mortgage of
the real estate of Bessie C. Felder. Bessie C. Felder is repre-
sented in said application as the borrower. In a letter accom-
panying said application to Palmer & Son for their consideration
Hutson & Co. represented Bessie C. Felder as the applicant for
the loan, and they recommended the loan as a first class risk.

On the 10th September, 1884, Bessie C. Felder and N. Z.
Felder, in the order named, signed four notes of $125 each,
payable to plaintiffs in one, two, three, and four years, with
interest at the rate of ten per cent., payable semi-annually.
On the same day Bessie C. Felder executed and delivered to
the plaintiffs the mortgage of her real estate, as stated in the
complaint. Two of the notes secured by the mortgage, with
interest to November 1st, 1890, have been paid, and the allega-
tion of the complaint that the other two notes are due and
owing to plaintiff, with interest from November 1st, 1890, is
not denied. It is admitted that the notes signed by Bessie C.
Felder and N. Z. Felder, and that the mortgage executed by
Bessie C. Felder, are in the handwriting of Robert Aldrich,
Esq. The amount loaned by plaintiffs was transmitted by Pal-
mer & Son by drafts, payable to the order of Robert Aldrich,
attorney, and by him made payable to the order of Bessie C.
Felder. The name of Mrs. Bessie C. Felder is endorsed on
each of said drafts. Bessie C. Felder testifies that her husband,
N. Z. Felder, negotiated for the loan; that she had no commu-
nication directly or indirectly with plaintiff or with any of
plaintiff's agents with reference to the loan; that her husband
used the money received from plaintiff for his own use, and
that she did not receive any portion of the money. She ad-
mits that she knew that her land was being mortgaged for her
husband's use.

There is no controversy as to the fact that the defendant, Bessie C. Felder, was at the date of the execution of the mortgage and that she is now the wife of the defendant, N. Z. Felder, or as to the execution of the notes and mortgage as alleged in the complaint. There is no doubt about the loan being negotiated by N. Z. Felder with the knowledge and application of his wife, Bessie C. Felder. The main point of controversy is whether N. Z. Felder, the husband, did notify Robert Aldrich, Esq., as plaintiff's agent, pending the negotiations for the loan, that the money was being borrowed for his use upon the security of his wife's real estate; and if so, whether such notice invalidates the mortgage and notes referred to in the complaint, so far as they affect the liability of Bessie C. Felder. N. Z. Felder testifies that he made a verbal application to Col. Aldrich, at Barnwell, for the loan; that he told Col. Aldrich at the time that he wanted to borrow $500, and that he would give him a mortgage on his wife's estate. Col. Aldrich will not deny the statement of N. Z. Felder, that he applied to him for the loan, but does not think that he did. According to his distinct recollection, the first time he saw Mr. Felder about the loan was when the papers were executed. The testimony of N. Z. Felder as to the notice given Col. Aldrich is positive. Col. Aldrich in his testimony does not deny that Mr. Felder told him that he was borrowing the money for his own use, and would give a mortgage on his wife's estate. He, evidently, does not think so, but his want of recollection is not sufficient to overcome the otherwise uncontradicted statement of N. Z. Felder on this point.

According to the testimony as reported by the master, I must find as matter of fact, that N. Z. Felder did notify Col. Aldrich before the papers were executed that he was borrowing the money for his own use, and would secure the loan by a mortgage of his wife's real estate. According to the uncontradicted testimony of Bessie C. Felder and N. Z. Felder, I must also find as matter of fact that the money borrowed from the plaintiff by N. Z. Felder was used for his own benefit.

Was the notice to Robert Aldrich as to the purpose of the loan notice to the plaintiff? Col. Aldrich was the local agent

of John B. Palmer & Son at Barnwell, who represented plaintiff in making loans in this State. secured by mortgage. Col. Aldrich drew the notes and mortgage referred to in complaint. He superintended the execution of the papers signed by Bessie C. Felder and N. Z. Felder.   The draft by John B. Palmer & Son, representing the amount loaned, was made payable to his order, and by him endorsed payable to the order of Bessie C. Felder, and under the authority of the cases of *Salinas* v. *Turner*, 33 S. C., 231, and *Bates* v. *American &c. Company*, 37 S. C., 88, I must conclude that notice to Col. Aldrich of the purpose of the loan was notice to the plaintiff.   The plaintiff having had notice that the money about to be borrowed on the security of the wife's separate estate was to used by the husband for his own purposes, and it appearing that the money borrowed was so used, I conclude that the mortgage executed by the defendant, Bessie C. Felder, is null and void, and that she is not liable on the note executed by her secured by said mortgage.

Plaintiff appealed on the following grounds: I. That his honor erred, as it is respectfully submitted, in finding as a matter of fact "that N. Z. Felder did notify Col. Aldrich before the papers were executed that he was borrowing the money for his own use, and would secure the loan by a mortgage of his wife's real estate," and should have found that said N. Z. Felder's testimony is shown to have been totally incorrect in this: He testified that he made the application for the loan to Aldrich, when the proof is that the application was made through Hutson & Co., of Aiken.   He testified that the application was a verbal one, when the proof is it was in writing, and his testimony in cross-examination shows that his recollection of the entire transaction was unreliable.   II. That his honor erred, as it is respectfully submitted, in finding as follows: "The testimony of N. Z. Felder as to the notice given Col. Aldrich is positive.   Col. Aldrich, in his testimony, does not deny that Mr. Felder told him that he was borrowing the money for his own use, and would give a mortgage on his wife's real estate," and should have found that while Aldrich did not use the word "deny," yet the uncontradicted documentary evidence in the case proves, Felder's testimony, that he applied to Aldrich for

31—44

the loan, and then told him he was borrowing the money for his own use, to be untrue, as he did not make the application for the loan through Aldrich, but through Hutson & Co., of Aiken. III. That his honor erred, as it is respectfully submitted, in finding that "Aldrich was the local agent of John B. Palmer & Son at Barnwell, who represented the plaintiff in making loans in this State," and concluding therefrom that notice to Aldrich was notice to plaintiff, and should have found as the Supreme Court decided in the case of *Caughman* v. *Smith*, 5 S. E. Rep., 363, in a case exactly like this. IV. That his honor erred as a matter of law, as it is respectfully submitted, in holding that the authorities of *Salinas* v. *Turner*, 33 S. C., and *Bates* v. *American &c. Co.*, 37 S. C., are conclusive of this case, when the facts of these cases are totally different in their essential features from the facts of this case. V. That his honor erred, as a matter of law, as it is respectfully submitted, in concluding "that the mortgage executed by the defendant, Bessie C. Felder, is null and void."

*Mr. R. W. Shand*, for appellant.

*Messrs. Patterson & Holman* and *A. M. Boozer*, contra.

September 3, 1895. The opinion of the court was delivered by

MR. JUSTICE GARY. The facts connected with this case are fully stated in the decree of his honor, Judge Witherspoon, which, together with appellant's exceptions, will be incorporated in the report of the case. The exceptions raise practically but three questions: I. Was Col. Aldrich the agent of the mortgagee, so as to charge the mortgagee with notice given to Col. Aldrich? II. Did Col. Aldrich have notice that the money borrowed was not for the use of the mortgagor, a married woman? III. Was the mortgage executed and delivered by Mrs. Bessie C. Felder null and void?

It appears, from the testimony of Col. Aldrich, that he was the plaintiff's local attorney for Barnwell County, whose duty it was to prepare abstracts of title and superintend the execution of all papers relating to loans by the plaintiff in that county. Any facts which came to his know-

ledge while acting as such attorney, and which showed that a mortgage by the defendant, Mrs. Bessie C. Felder, would be null and void, would be notice to the mortgagee. It was the duty of Col. Aldrich, as local attorney, to pass upon the validity of the security, and it is manifest that information received by him showing that the mortgage would be invalid, would be within the scope of such agency, and, therefore, binding upon his principal. *Salinas* v. *Turner*, 33 S. C., 231; *Bates* v. *American Company*, 37 *Id.*, 88. The first of the foregoing questions is, therefore, answered in the affirmative.

We proceed next to a consideration of the second question. The Circuit Judge decided that Col. Aldrich had such notice, and under the well settled rule of this court, this finding is binding on us, unless it is unsupported by testimony or clearly against the weight of the evidence. Our duty in this respect is more restricted than that of the Circuit Judge, who is not bound in arriving at his conclusion to conform to such rule. In this case we feel bound to adopt the finding of the Circuit Judge on this question of fact, without any intimation as to what might have been our conclusion if it had been presented to us as an original question. This second question must also be answered in the affirmative.

We will now proceed to consider the third question. It must be remembered that the *money* did not go into the hands of Mrs. Bessie C. Felder, and that her endorsement of the check was for the purpose of enabling her husband to get the money as originally contemplated for his own use. N. F. Felder testifies that when the money was sent in a check to Bamberg to close up the loan, the check was delivered to him. In the case of *Sailnas* v. *Turner*, *supra*, the court says: "Now, it has been held by this court, in several cases recently decided, that while a married woman may borrow money for her own use, &c., and secure the same by a valid mortgage, yet that she cannot do this for the benefit of her husband, provided the lender has knowledge of such intended use. This has been so recently and so plainly decided, that we do not deem it necessary here to examine into the reason and foundation of this proposition. We think it sufficient simply to refer

to the cases: *Tribble* v. *Poore*, 30 S. C., 97; *Gwynn* v. *Gwynn*, 31 *Id.*, 482; *Greig & Matthews* v. *Smith*, 29 *Id.*, 429; and *Goodgion* v. *Vaughn, Ibid.*, 499. If these cases have not established this proposition beyond controversy or doubt, we do not know how a legal proposition could be established—certainly not by the decisions of a court of last resort."

The case of *Pelzer* v. *Durham*, 37 S. C., 355, decides that when the money is borrowed for the use of the husband, and this fact is known to the mortgagee, the mortgage is null and void, even when the money is placed to the wife's credit on the mortgagee's books, and drawn out on her drafts mostly in favor of the husband, and none of it used by the wife. The many cases on this subject can be harmonized by bearing in mind the distinction in the cases where the money is actually borrowed by the wife, although the mortgagee may have knowledge that the wife intends to dispose of it in such a manner as will be of no benefit to her separate estate, and the cases where the mortgagee knows that the money is not to go into the possession of the wife and become part of her separate estate. The third question must be answered in the affirmative.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.