## 20944

CRYSTAL ICE COMPANY OF COLUMBIA, INC., Respondent, v. The FIRST COLONIAL CORP. and George Bruce Shealy, Charles Marshall Duke, Fred C. Meetze, Carolina Rock Wool Co., Inc., and First Citizens Bank and Trust Company of South Carolina, Baker-Brown Builders, Inc., and U. S. Fidelity and Guaranty Company, of whom George Bruce Shealy is Appellant.

(257 S. E. (2d) 496)

*Walter F. Going* of *Going & Going, Nina G. Reid* and *Gene V. Pruet* of *Nexsen, Pruet, Jacobs & Pollard,* Columbia, *for appellant.*

*Robert W. Dibble, Jr.,* of *McNair, Konduros, Corley, Singletary & Dibble* and *Michael W. Tighe* of *Callison, Tighe, Nauful & Rush,* Columbia, *for respondent.*

July 19, 1979.

NESS, Justice:

Heretofore, on the 23rd day of April, 1979, this Court filed its opinion in this case. It is now before us as a result of a petition for a rehearing. Upon a consideration of the petition, it is ordered that our former opinion be withdrawn and the following substituted therefor.

The case concerns the priority of two mortgages, a purchase money interest acquired by appellant Shealy and a mortgage executed by the purchaser, First Colonial Corporation, which was assigned to the respondent, Crystal Ice Company. The master concluded the purchase money interest had priority; the trial court disagreed and held that Crystal Ice possessed the first lien. We agree with the master and reverse the order of the trial court.

By contract of sale dated November 9, 1973, appellant Shealy agreed to sell four acres of land near Columbia, to

C. M. Rose, Jr., agent for First Colonial, for a purchase price of $70,000. Pursuant to the contract, $18,000 was to be paid in cash and the balance by way of a purchase money mortgage.

On November 26, 1973, First Colonial gave to C. M. Rose and Company, Inc. a mortgage and promissory note in the amount of $45,000. This morgtage was assigned to respondent Crystal Ice for $40,000. On this date the deed and purchase money mortgage were executed.

Also on this date the closing was held in the office of Ken Lester, attorney for Rose and First Colonial. Following the closing, Lester offered to record Shealy's deed and mortgage, and on November 30, 1973, Lester completed the recording as follows:

(1) At 12:20 p. m.
    (a) The deed to First Colonial from Shealy;
    (b) The mortgage of First Colonial to C. M. Rose and Company;
    (c) The assignment of the C. M. Rose and Company mortgage to Crystal Ice.

(2) At 12:21 p. m.
    (a) The purchase money mortgage of First Colonial to Shealy.

The trial court concluded Crystal Ice had priority under the South Carolina recording statute. We disagree.

Crystal Ice is not entitled to the protection of our recording statute because it was not a bona fide purchaser. The knowledge of the existence of the prior purchase money mortgage was imputed to Crystal Ice through its agent, attorney Ken Lester. As Crystal Ice was not a "subsequent purchaser without notice," it cannot prevail under Code § 30-7-10 simply because its mortgage was clocked in a minute before the purchase money interest. See *Epps v. McCallum Realty Co.,* 139 S. C. 481, 498, 499, 138 S. E. 297 (1927).

Lester prepared the mortgage and the assignment, and procured title insurance for Crystal Ice. We believe this was sufficient to render Lester the agent of Crystal Ice. As stated in 2A C.J.S. Agency § 52, p. 623:

"The relation of agency need not depend upon express appointment and acceptance thereof, but may be, and frequently is, implied from the words and conduct of the parties and the circumstances of the particular case. The law creates the relationship of principal and agent if the parties, in the conduct of their affairs, actually place themselves in such position as requires the relationship to be inferred by the courts, and if, from the facts and circumstances of the particular case, it appears that there was at least an implied intention to create it, the relation may be held to exist, notwithstanding a denial by the alleged principal, and whether or not the parties understood it to be an agency."

Accord, *City of Greenville v. Washington American L. B. Club,* 205 S. C. 495, 32 S. E. (2d) 777 (1945); *Heil-Quaker v. Swindler,* 255 F. Supp. 445 (D.C.S.C. 1966).

It is well established that a principal is affected with constructive knowledge of all material facts of which his agent receives notice while acting within the scope of his authority. See 3 Am. Jur. (2d), Agency, § 273, *et seq.;* 3 C. J. S. Agency § 432, *et seq.; American Freehold Land Mortgage Co. v. Felder,* 44 S. C. 478, 22 S. E. 598 (1895); *Hill v. Carolina Power & Light Co.,* 204 S. C. 83, 28 S. E. (2d) 545 (1943).

An equally well-recognized exception to this general rule exists in situations where the agent is acting fraudulently against his principal or for any other reason has an interest in concealing his acquired knowledge from his principal. 3 Am. Jur. (2d), Agency, § 282; 3 C. J. S. Agency § 434. However, the view has been expressed that an agent's fraud cannot alter the effect of his knowledge to his principal with respect to third persons who

had no connection with the fraud. See Restatement, Agency (2d Ed.), § 271; 3 Am. Jur. (2d), Agency, § 282. We conclude this reasoning constitutes the better view and apply it here, where appellant Shealy had no knowledge that any fraud was being perpetrated. In so holding, we overrule the reasoning expressed in *Bacot v. S. C. Loan & Trust Co.,* 132 S. C. 340, 127 S. E. 562 (1925); *Ex Parte Mercer,* 129 S. C. 531, 125 S. E. 33 (1924); *Farley v. American Surety Co. of New York,* 182 S. C. 187, 188 S. E. 776 (1936); *Eskew v. Life Ins. Co. of Virginia,* 190 S. C. 515, 3 S. E. (2d) 251 (1939), and similar decisions.

Stripped of the protection of the recording statute, Crystal Ice cannot prevail at common law. It is patently obvious that Shealy's purchase money interest necessarily would be prior to the mortgage assigned to respondent; First Colonial had no interest to mortgage until it acquired the Shealy property, and the deed and the purchase money interest were executed simultanously. As stated in 55 Am. Jur. (2d), Mortgages, § 349, p. 409:

"The reason most frequently advanced for the rule giving preference to purchase-money mortgages over outstanding interests acquired through the mortgagor is that the execution of the deed and the mortgage are simultaneous acts, so that no claim or lien arising through the mortgagor can attach before the mortgage."

In *Groce v. Ponder,* 63 S. C. 162, 168, 41 S. E. 83, 85 (1902), the Court described a purchase money mortgage as follows:

"The deed and mortgage, although in themselves separate and distinct instruments, nevertheless, under the circumstances above stated, are regarded as parts of the same contract. They take effect at the same time, and the giving of the deed upon one part and of the mortgage upon the other, is held to constitute but a single act, and to result in clothing the purchaser with the seizin for a transitory instant only."

The rule that the equities favor granting priority to a purchase money mortgage is longstanding. The rationale for the preference normally accorded a vendor is stated in Osborne, Mortgages, § 213, p. 392:

"[T]he vendor has the edge because the property he is relying on for payment was previously his up to the time of sale and mortgage back; there was never an instant when he relinquished a hold on it; and he would never have parted with it at all except upon the belief and faith that if his buyer defaulted he could either recapture his property or get paid out of it."

See also *Ex Parte Johnson,* 147 S. C. 259, 145 S. E. 113 (1928).

We conclude the trial court incorrectly awarded priority to the mortgage assigned to Crystal Ice.

Reversed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.