1677

L & W WHOLESALE, INC., Respondent v. Eugene GORE, d/b/a Gore's Corvette World and Ray Dininny of which Eugene Gore is, Appellant.

(407 S.E. (2d) 658)

Court of Appeals

*Kenneth E. Sowell*, Greenville, *for appellant.*

*Joseph M. Pracht*, Greenwood and *Robert C. Wilson*, Greenville, *for respondent.*

Heard May 15, 1991.

Decided June 24, 1991.

CURETON, Judge:

L & W Wholesale, Inc., (L & W), sued Eugene Gore to recover for goods sold. L & W moved for summary judgment on August 29, 1989. Gore filed an opposing affidavit dated September 27, 1989. The summary judgment motion was denied. L & W then filed an amended complaint adding an additional defendant, Ray Dininny, and alleging Gore and Dininny acted as partners in the purchase of some of the goods. On November 16, 1989, L & W filed a second motion for summary judgment. The trial court granted summary judgment against Gore in the amount of $3,877.50. The subsequent written order awarded an additional $1,639.82 in interest and $50.00 in costs. Gore appeals.

The principal issue on appeal is whether or not the trial court erred in granting summary judgment to L & W in view of the September 1989 affidavit and Gore's deposition testimony.

L & W's amended complaint alleged it sold shirts and jackets to Gore and Dininny. Gore denied purchasing the disputed goods or authorizing any other person to purchase the goods for him. He alleged he had introduced L &W to Dininny and Dininny may have purchased the disputed goods from L & W in his individual capacity.

L & W's affidavit states Gore came to its place of business and bought goods costing $2,365.50. The affidavit also states

that on another occasion Gore purchased goods by telephone from L & W valued at $1,512.00 and sent Dininny to pick up the goods.

The September 1989 affidavit of Gore (in response to the first motion for summary judgment) acknowledged he previously purchased goods from L & W, but asserted he paid for the goods immediately upon receipt. Gore further stated that, on information and belief, Dininny purchased goods from L & W individually, but he had no involvement in such purchases and he had paid for all goods purchased from L & W.

In his deposition, Gore stated he didn't know whether he purchased the shirts and jackets indicated in the complaint without going back and researching his records. He stated he had traded for some shirts and intended to introduce invoices of the trades as evidence at trial. He stated he never purchased anything on credit from L & W. When questioned whether he received the jackets reflected on the invoice dated March 5, 1985, he repeatedly replied "if it's the last transaction, absolutely not." He stated his last transaction with L & W was in "January or February, somewhere along there."

At the hearing on the second motion for summary judgment, the court refused to accept Gore's September 1989 affidavit because it was filed prior to the second motion for summary judgment. The court's order stated:

> The defendant, Eugene Gore was deposed and stated on page six of his deposition that he had no memory as to whether he received the goods under litigation . . . The defendant, Eugene Gore failed to issue any rebuttal affidavits to plaintiff's affidavit of date November 16, 1989. I find that there is no material issue raised by defendant and determine there is no factual issue. . . .

Gore first argues the court erred in not considering his September affidavit which was part of the file. He argues the affidavit was as correct and as complete a defense to the motion in the amended action as it was to the first motion. L & W argues no error in the exclusion of the affidavit. It further argues that because Gore did not specifically deny receiving the goods, the affidavit, if considered, would add no evidentiary support to the record.

"In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom should be viewed in the light most favorable to the nonmoving party." *SSI Medical Servs., Inc. v. Cox*, 301 S.C. 493, —, 392 S.E. (2d) 789, 792 (1990). Rule 56(e), SCRCP, requires that when a motion for summary judgment is made and supported as provided by the rule, the adverse party may not rest upon the mere allegations or denials of his pleadings. The adverse party must respond, as provided by the rule, with specific facts showing a genuine issue for trial. *Id.* at —, 392 S.E. (2d) at 792.

We first hold the trial judge erred in not considering Gore's September 1989 affidavit. The affidavit, which was on file and before the court, should have been considered regardless of the purpose for which it was prepared and filed. An affidavit submitted to support another motion may be taken into account on a motion for summary judgment. 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* Section 2722, at 55-56 (2d ed. 1983); *McLaughlin v. Liu*, 849 F. (2d) 1205, 1206 n. 3 (9th Cir. 1988) (opposing party may rely upon materials in the record that predated the filing of the motion for summary judgment).

Here, although Gore's deposition testimony is inconclusive and to some extent conflicting, we do not think it proper for the trial court to have granted summary judgment based on it. We note that at the summary judgment stage of litigation, "the judge does not weigh conflicting evidence with respect to a disputed material fact . . . Nor does the judge make credibility determinations with respect to statements made in affidavits, . . . or depositions." *T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F. (2d) 626, 630 (9th Cir. 1987). We hold the deposition testimony and affidavit viewed in the light most favorable to Gore created an issue of fact whether he purchased or authorized the purchase of the disputed goods.

Gore next argues the trial court erred in increasing the judgment by adding interest after announcing the amount of the judgment in court. We need not reach this issue in view of our ruling that summary judgment was inappropriate.

Finally, Gore argues the trial judge should not have rendered judgment against him since L & W alleged and recovered on a partnership debt. The issue was not

raised by exception and we therefore may not consider it. *Connolly v. People's Life Ins. Co. of South Carolina,* 299 S.C. 348, 384 S.E. (2d) 738 (1989). Moreover, the issue is now moot in view of our decision to reverse the grant of the motion for summary judgment.

Accordingly the order of the trial court is reversed.

Reversed.

BELL and GOOLSBY, JJ., concur.