THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING   EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Donnell Grooms, Appellant,
 
 
 

v.

 
 
 
 Marvin D. Wagner, Jr. and Dorchester County, Respondents.
 
 
 

Appeal From Charleston County
 Thomas L. Hughston, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-559
Heard October 4, 2005  Filed October 24, 2005    

AFFIRMED

 
 
 
 Gary Lane Cartee, of North Charleston, for Appellant.
 Mary Legare Hughes, of Charleston, for Respondents.
 
 
 

PER CURIAM:  Donnell Grooms brought this action against deputy Marvin D. Wagner, Jr. and Dorchester County (Respondents) for injuries he sustained in an automobile accident in Charleston County, South Carolina.  The circuit court granted summary judgment to Respondents on the ground that a release given by Grooms to a third party, which specifically released the third party and all other persons, firms or corporations liable or, who might be claimed to be liable, . . . from any and all claims, precluded any potential claims against Respondents.  Grooms appeals.
We affirm pursuant to Rule 220(b)(2), SCACR and the following authorities:  Rule 56(c), SCRCP (Under the South Carolina Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.);  Summer v. Carpenter, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997) (In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party.); L & W Wholesale, Inc. v. Gore, 305 S.C. 250, 253, 407 S.E.2d 658, 659 (Ct. App. 1991) (stating at the summary judgment stage of litigation, the trial court does not weigh conflicting evidence regarding a disputed material fact and does not make credibility determinations); Bartholomew v. McCartha, 255 S.C. 489, 492, 179 S.E.2d 912, 914 (1971) (adopting the general rule that the release of one tortfeasor does not release others who wrongfully contributed to the plaintiffs injuries unless (1) it was the intention of the parties, or unless (2) the plaintiff has, in fact, received full compensation amounting to a satisfaction); Bowers v. South Carolina Dept of Transp., 360 S.C. 149, 600 S.E.2d 543 (Ct. App. 2004) (stating a release is a contract that must be examined under principles of contract law, and in construing the terms of a contract, the court must first look to the language of the contract to determine the intent of the parties; we held where the terms of the release were clear and unambiguous, did not evince an intent to limit their scope to any identifiable parties, and averred the parties had entered into a final settlement that precluded forever any additional claims, we were bound by that clearly expressed intent without resort to extrinsic evidence and the parties intent was established as a matter of law); see also (as to Dorchester County) S.C. Code Ann. § 15-38-65 (2005) (providing the Uniform Contribution Among Tortfeasors Act shall not apply to governmental entities)[1].
AFFIRMED.
GOOLSBY, BEATTY, and SHORT, JJ., concur.

[1]  Section 15-38-65 has remained unchanged since the accident in this case occurred in 2000.