THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING   EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Sandra Crowder, Appellant,
v.
Raymond E. Franklin, Laurens County Sheriffs Department, and County of Laurens,
Respondents.
 
 
 

Appeal From Laurens County
 James W. Johnson, Jr., Circuit Court Judge

Unpublished Opinion No. 2005-UP-588
Submitted November 1, 2005  Filed November 17, 2005   

AFFIRMED

 
 
 
Theo W. Mitchell, of Greenville, for Appellant.
Andrew F. Lindemann, of Columbia, for Respondents.
 
 
 

PER CURIAM:  Sandra Crowder brought this action against Raymond E. Franklin, the Laurens County Sheriffs Department, and Laurens County (Defendants), asserting claims for (1) false arrest and imprisonment; (2) violation of her rights under the South Carolina Constitution; and (3) negligent hiring, training, and supervision.  The suit arises out of Crowders arrest for public disorderly conduct at the Laurens County Speedway on June 10, 2000.[1]  The trial court dismissed Franklin and the Sheriffs Department from the action based on improper service and granted summary judgment in favor of Laurens County.  Crowder appeals.
We affirm pursuant to Rule 220(b)(2), SCACR and the following authorities:  
As to Issue I regarding the grant of a motion to dismiss Franklin and the Sheriffs Department:  Rule 4(d)(5), SCRCP (stating service upon a state officer or agency shall be made by delivering a copy of the summons and complaint to such officer or agency and by sending a copy of the summons and complaint by registered or certified mail to the Attorney General at Columbia); Cone v. Nettles, 308 S.C. 109, 417 S.E.2d 523 (1992) (holding sheriffs and deputies are state, not county, officials).
As to Issue II regarding the grant of a motion for summary judgment in favor of Laurens County:  Rule 56(c), SCRCP (Under the South Carolina Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.); Summer v. Carpenter, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997) (In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party.); L & W Wholesale, Inc. v. Gore, 305 S.C. 250, 253, 407 S.E.2d 658, 659 (Ct. App. 1991) (stating at the summary judgment stage of litigation, the trial court does not weigh conflicting evidence regarding a disputed material fact and does not make credibility determinations); see also Rule 208(b)(1)(B), SCACR (Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.); Solley v. Weaver, 247 S.C. 129, 131, 146 S.E.2d 164, 165 (1966) (We have held in many cases that every ground of appeal ought to be so distinctly stated that the Court may at once see the point which it is called upon to decide without having to grope in the dark to ascertain the precise point at issue.  The object of an exception is to present some distinct principle or question of law which the appellant claims to have been violated by the Court in the trial of the case from which the appeal is taken, and to present it in such form that it may be properly reviewed.); Fields v. Melrose Ltd. Partnership, 312 S.C. 102, 439 S.E.2d 283 (Ct. App. 1993) (stating an issue is deemed abandoned on appeal and not presented for review where it is argued in a short, conclusory statement without supporting authority).
AFFIRMED.[2]
GOOLSBY, ANDERSON, and SHORT, JJ., concur.

[1]  The charge was subsequently dismissed.  
[2]  We decide this case without oral argument pursuant to Rule 215, SCACR.