THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Richard N. Barnum, III, and Regan Barnum, Appellants,
v.
Sto Corp., Hurd Millwork Company, Inc., and Coastal Concepts,
Respondents,
and
Sto Corp., Respondent,
 
 
 

v.

 
 
 
Pelican Ventures Builders, Inc., and Paul Hopton d/b/a Coastal Concepts,
Respondents.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Master-In Equity and Special Circuit Court Judge

Unpublished Opinion No. 2006-UP-267
Submitted May 1, 2006  Filed May 25, 2006

AFFIRMED

 
 
 
Thomas Justin Finn, of Hilton Head Island, for Appellants.
Albert A. Lacour, III, of Charleston, for Respondent Paul Hopton d/b/a Coastal Concepts; Ernest Mitchell Griffith, of Beaufort, for Respondent Pelican Ventures Builders, Inc.; Howard A. VanDine, III and M. Ronald McMahan, Jr., both of Columbia, for Respondent Hurd Millwork Co., Inc.; and Charles J. Baker, III, James E. Weatherholtz, and Matthew E. Tillman, all of Charleston, for Respondent Sto Corp.
 
 
 

PER CURIAM:  Richard N. Barnum, III and Regan Barnum brought this action against Sto Corp. and Hurd Millwork Co., Inc., alleging various causes of action arising from the construction of their home.  Sto Corp., in turn, served a third-party complaint against Pelican Ventures Builders, Inc. and Paul Hopton d/b/a Coastal Concepts seeking indemnification.  The circuit court granted summary judgment in favor of all of the defendants and third-party defendants (collectively, Respondents) on the ground that a release given by the Barnums to several third parties that specifically released the third parties and all other persons of and from any and all manner of actions, cause and causes of action, . . . lawsuits, . . . responsibilities, liabilities, . . . claims and demands of every kind, character and nature whatsoever . . . arising from the construction, purchase, sale, [and] remodeling of the Barnums home precluded any potential claims against Respondents.  The Barnums appeal.[1] 
We affirm pursuant to Rule 220(b)(2), SCACR and the following authorities:  Rule 56(c), SCRCP (Under the South Carolina Rules of Civil Procedure, summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.);  Summer v. Carpenter, 328 S.C. 36, 42, 492 S.E.2d 55, 58 (1997) (In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the non-moving party.); L & W Wholesale, Inc. v. Gore, 305 S.C. 250, 253, 407 S.E.2d 658, 659 (Ct. App. 1991) (stating at the summary judgment stage of litigation, the trial court does not weigh conflicting evidence regarding a disputed material fact and does not make credibility determinations); Bartholomew v. McCartha, 255 S.C. 489, 492, 179 S.E.2d 912, 914 (1971) (adopting the general rule that the release of one tortfeasor does not release others who wrongfully contributed to the plaintiffs injuries unless (1) it was the intention of the parties, or unless (2) the plaintiff has, in fact, received full compensation amounting to a satisfaction); Bowers v. South Carolina Dept of Transp., 360 S.C. 149, 600 S.E.2d 543 (Ct. App. 2004) (stating a release is a contract that must be examined under principles of contract law, and in construing the terms of a contract, the court must first look to the language of the contract to determine the intent of the parties; we held where the terms of the release were clear and unambiguous, did not evince an intent to limit their scope to any identifiable parties, and averred the parties had entered into a final settlement that precluded forever any additional claims, we were bound by that clearly expressed intent without resort to extrinsic evidence and the parties intent was established as a matter of law).
 AFFIRMED.
HEARN, C.J., and GOOLSBY and ANDERSON, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.