692 S.E.2d 892

**Larry HENDRICKS, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

March 17, 2010.

## ORDER

The circuit court denied petitioner's motion under Rule 60(b)(5) of the South Carolina Rules of Civil Procedure (SCRCP) to set aside the final judgment in this post-conviction relief (PCR) case. Petitioner has filed a notice of appeal and asks this Court to appoint counsel.

In the Rule 60(b) motion and the accompanying memorandum filed in the circuit court, petitioner asserted that a decision of the Supreme Court of the United States established a new substantive constitutional standard that is to be applied retroactively. He argued, therefore, that under Rule 60(b)(5), SCRCP, it is no longer equitable to give the prior judgment in this action prospective application.

This Court has not previously had the opportunity to address the interplay between Rule 60(b), SCRCP, and S.C.Code Ann. § 17–27–45(B) (Supp.2009). Rule 60(b) provides, in part:

**Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such

terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Section 17–27–45(B), which provides a statute of limitations for filing PCR actions, states:

When a court whose decisions are binding upon the Supreme Court of this State or the Supreme Court of this State holds that the Constitution of the United States or the Constitution of South Carolina, or both, impose upon state criminal proceedings a substantive standard not previously recognized or a right not in existence at the time of the state court trial, and if the standard or right is intended to be applied retroactively, an application under this chapter may be filed not later than one year after the date on which the standard or right was determined to exist.

In the present case, petitioner is asserting that a new substantive constitutional standard that is to be applied retroactively entitles him to relief from the prior judgment in this PCR case. Under Section 17–27–45(B), a claim based a new substantive constitutional standard is to be sought by filing an application for PCR, not by filing a motion. Further, the statutory provision and the rule provision on which petitioner relies are inconsistent in that a motion under Rule 60(b)(5) must be made within a reasonable period of time while statutory provision contains a one year statute of limitations.

Where, as here, the General Assembly has provided a specific procedure to be followed in PCR cases, and that method is inconsistent with the more general procedure of the SCRCP, the statutory procedure must be followed. Rule 71.1, SCRCP ("The procedure for post-conviction relief is provided by the Uniform Post–Conviction Procedure Act (Act), S.C.Code Ann. §§ 17–27–10 to –120 (1985). The South Carolina Rules of Civil Procedure shall apply to the extent that they are not inconsistent with the Act."). Accordingly, we hold that petitioner was not entitled to seek relief based on an alleged new substantive constitutional standard by filing a motion under Rule 60(b).

We dismiss the notice of appeal and remand this matter to the circuit court with instructions to consider his Rule 60(b) motion as an application for PCR relief. The motion to appoint counsel for this appellate proceeding is denied as moot. The remittitur will be sent as provided by Rule 221, SCACR.

IT IS SO ORDERED.

/s/ Jean H. Toal, C.J.

/s/ Costa M. Pleicones, J.

/s/ Donald W. Beatty, J.

/s/ John W. Kittredge, J.

/s/ Kaye G. Hearn, J.