**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Cynthia Griffis, Plaintiff,

v.

Cherry Hill Estates, LLC, Eugene O'Neil and Ronald Faulkner, Defendants,


Cherry Hill Estates, LLC and Ronald Faulkner, Third Party Plaintiffs, Appellants,

v.

Anthony E. Griffis, Third Party Defendant, Respondent.

Appellate Case No. 2013-001407

―――――――――

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

―――――――――

Unpublished Opinion No. 2015-UP-167
Heard January 13, 2015 – Filed April 1, 2015

―――――――――

**AFFIRMED**

―――――――――

Michael W. Mogil, of Michael W. Mogil, P.A., of Hilton Head Island, for Appellants.

Anthony E. Griffis, of Aiken, Pro Se.

---

**PER CURIAM:**  Cherry Hill Estates, LLC and Ronald Faulkner (collectively Appellants) appeal the trial court's order granting summary judgment to Anthony E. Griffis on Appellants' causes of action for breach of fiduciary duty and professional negligence, in which the court held the causes of action were barred by the statute of limitations because Appellants failed to timely file an expert affidavit as required by section 15-36-100(B) of the South Carolina Code (Supp. 2014).

1.  We find unpreserved Appellants' argument an expert affidavit was not required because the allegations of negligence involved subject matter that was "within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant" pursuant to subsection 15-36-100(C)(2) (Supp. 2014).  The trial court did not expressly rule on this argument and Appellants failed to raise the issue in their motion to alter or amend.  *See Noisette v. Ismail*, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (holding appellate court cannot address an issue the circuit court did not explicitly rule on when the appellant did not raise the issue in a motion to alter or amend).

2.  We find no error in the trial court's ruling the statute of limitations began to run as of the date of the closing.  *See Martin v. Companion Healthcare Corp.*, 357 S.C. 570, 575-76, 593 S.E.2d 624, 627 (Ct. App. 2004) (stating under the discovery rule, "the three-year clock starts ticking on the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct" (internal quotation marks omitted)); *Epstein v. Brown*, 363 S.C. 372, 376, 610 S.E.2d 816, 818 (2005) (explaining reasonable diligence means "simply that an injured party must act with some promptness where the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some right of his has been invaded or that some claim against another party **might** exist").  It is undisputed Faulkner executed a power of attorney authorizing the closing attorney to act on his behalf concerning the sale, including authorizing him to execute any guaranties.  *See Crystal Ice Co. of Columbia, Inc. v. First Colonial Corp.*, 273 S.C. 306, 309, 257 S.E.2d 496, 497 (1979) ("It is well established that a principal is affected with constructive knowledge of all material facts of which his agent receives notice while acting within the scope of his authority.").  Even if the closing attorney did not have

knowledge of the Agreement Regarding Cherry Hill Estates, LLC (Agreement), imputed notice is not necessary as Faulkner had direct knowledge of the Agreement as he signed it himself. *See Regions Bank v. Schmauch*, 354 S.C. 648, 663, 582 S.E.2d 432, 440 (Ct. App. 2003) ("A person signing a document is responsible for reading the document and making sure of its contents. Every contracting party owes a duty to the other party to the contract and to the public to learn the contents of a document before he signs it.").

3. We find no merit to Appellants' argument the relation-back doctrine of Rule 15(c), SCRCP, applies to bring the filing of the expert affidavit within the limitations period. *See* S.C. Code Ann. § 15-36-100(F) (Supp. 2014) ("If a plaintiff fails to file an affidavit as required by this section, and the defendant raises the failure to file an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, the complaint is not subject to renewal after the expiration of the applicable period of limitation unless a court determines that the plaintiff had the requisite affidavit within the time required pursuant to this section and the failure to file the affidavit is the result of a mistake."); S.C. Const. art. V, § 4 ("*Subject to the statutory law,* the Supreme Court shall make rules governing the practice and procedure in all such courts." (emphasis added)); *Marichris, LLC v. Derrick*, 384 S.C. 345, 353, 682 S.E.2d 301, 305 (Ct. App. 2009) ("A rule of civil procedure may not limit the provisions of a statute."); *see, e.g.*, *Hendricks v. State*, 387 S.C. 221, 223, 692 S.E.2d 892, 893 (2010) ("Where, as here, the General Assembly has provided a specific procedure to be followed in PCR cases, and that method is inconsistent with the more general procedure of the SCRCP, the statutory procedure must be followed.").

4. We find no merit to Appellants' argument Griffis's failure to appeal the trial court's order of October 26, 2010, granting Appellants an extension to re-file the complaint renders the order the "law of the case." As this order was not immediately appealable, it could not establish the law of the case. *See Pruitt v. Bowers*, 330 S.C. 483, 488, 499 S.E.2d 250, 253 (Ct. App. 1998) (stating an appeal of an order granting a motion to amend a complaint is interlocutory and generally not appealable); *McLendon v. S.C. Dep't of Highways & Pub. Transp.*, 313 S.C. 525, 526 n.2, 443 S.E.2d 539, 540 n.2 (1994) ("Like the denial of a motion for summary judgment, the denial of a motion to dismiss does not establish the law of the case and the issue can be raised again at a later stage of the proceedings.").

5. We find unpreserved Appellants' argument that section 15-36-100(C)(1) of the South Carolina Code (Supp. 2014) grants the trial court discretion to permit a plaintiff to amend a pleading to include the expert affidavit if "justice requires" as

this argument was not ruled on by the trial court and was not raised in the motion to alter or amend. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."); *Doe v. Roe*, 369 S.C. 351, 376, 631 S.E.2d 317, 330 (Ct. App. 2006) ("An issue is not preserved where the trial court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment.").

6. We disagree with Appellants' assertion the doctrine of equitable tolling precludes application of the limitations period to bar their claims. *See Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 116-17, 687 S.E.2d 29, 33 (2009) ("The equitable power of a court is not bound by cast-iron rules but exists to do fairness and is flexible and adaptable to particular exigencies so that relief will be granted when, in view of all the circumstances, to deny it would permit one party to suffer a gross wrong *at the hands of the other*." (emphasis added)); *id.* at 117, 687 S.E.2d at 33 (cautioning equitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use).

7. We find unpreserved Appellants' argument the trial court erred in granting summary judgment on their claims for breach of fiduciary duty because a fiduciary duty apart from the attorney-client relationship may have arisen from Griffis's role as the seller. This argument was not ruled on by the trial court and was not raised in Appellant's motion to alter or amend, in which Appellants only asked permission to re-plead the cause of action. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) (stating a party must file a motion to alter or amend when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**